Case: 1:25-mj-00179
Assigned To: Judge Harvey, G. Michael
Assign. Date: 8/27/2025
Description: COMPLAINT W/ARREST WARRANT

# STATEMENT OF FACTS

## SUMMARY

Your affiant submits that there is probable cause that XXXXX XXXXXXX XXXXXXXX has committed violations of 8 U.S.C. § 1326, 18 U.S.C. §§ 922(g)(1), 922(g)(5) and 924(c), and 21 U.S.C. § 841. Specifically, XXXXXXXX has been identified as a narcotics trafficker living and operating out of Northwest D.C. On XXXXXXXXX, XX, XXXX, law enforcement executed a coordinated arrest and search operation in the Districts of Columbia, Maryland, and the Central District of California in connection with an eight-defendant indictment alleging an interstate drug trafficking conspiracy, in which XXXXXXXX was identified as a redistributor of narcotics trafficked by one or more charged defendants. During a court-authorized search of XXXXXXXX's residence, law enforcement officers discovered XXXXXXXX, distribution quantities of narcotics, and multiple firearms. Subsequent checks of law enforcement databases further confirmed that XXXXXXXX is an unlawfully present in the United States, having been previously removed from the United States on at least four prior occasions, including three prior removals pursuant to convictions in the District Court for the District of Columbia.

## AFFIANT BACKGROUND

Your affiant, Heang Ly, is a Special Agent with the Federal Bureau of Investigation, and is assigned to CR-3, Transnational Organized Crime, Western Hemisphere, located at the FBI Washington Field Office, in Washington, D.C. As discussed at length below, your affiant is currently assisting in the investigation of a drug trafficking conspiracy that is distributing fentanyl, PCP, and other narcotics in and around the Washington, D.C. area. The investigation began around July 2024 and is ongoing. Because this Statement of Facts is being submitted for the limited purpose of finding probable cause for the issuance of a complaint and arrest warrant, your affiant has not included each and every fact known to your affiant and fellow law enforcement officers concerning this investigation. Your affiant has only set forth the facts that your affiant believes is necessary to establish probable cause for the charges set forth in the complaint and the issuance of an arrest warrant.

## BACKGROUND OF INVESTIGATION

Since XXXX XXXX, the Federal Bureau of Investigation ("FBI") has led a narcotics investigation alongside Drug Enforcement Agency ("DEA") and the D.C. Metropolitan Police Department ("MPD") into narcotics trafficking in the vicinity of the XXXX XX XXXXX XXXXXXX XXXXXXXXX XXXXXX.

Beginning in XXXXXXXXX, XX, XXXX and continuing through the coordinated arrest operation conducted in conjunction with this investigation, further detailed *infra*, an XXX undercover officer (hereafter, "UC") began making a series of controlled purchases of fentanyl and PCP from XXXXXXXX. During the investigation, the UC contacted XXXXXXXX at XXX-XXX-XXXX ("TARGET TELEPHONE 1" or "TT1") to purchase fentanyl and PCP from XXXXXXXX.

On XXXXXXXXX, XX, XXXX, the Honorable Randolph D. Moss of the District Court for the District of Columbia authorized wire intercepts of TT1, which is utilized by XXXXXXXX, in Case No. XX-XX-XXXX. Wire intercepts began on XXXXXXXXX, XX, XXXX, and ceased on XXXXXXXXX, XX, XXXX. Continued wire intercepts of TT1 were reauthorized by Judge Moss on XXXXXXXXX, XX, XXXX. Wire intercepts began on XXXXX XX, XXXX, and ceased on XXXXXXXXX, XX, XXXX.

Through these wire intercepts, controlled purchases, and other investigative techniques, law enforcement has identified that XXXXXXX XXXXXXX and XXXXXXX XXXXXXX supply XXXXXXXX with fentanyl for redistribution. XXXXXX XXXXXXXX, XXXXXX XXXXXXXX, and XXXXXX supply XXXXXXXX with PCP for redistribution.

On XXXXXXXXX, XX, XXXX, in case number XX-XX-XXXX, Judge Moss authorized the initial interception of wire communications to and from both XXXXXXX's phone number, XXX-XXX-XXXX (hereafter "TARGET TELEPHONE 2" or "TT2"), and RILEY's phone number, XXX-XXX-XXXX ("TARGET TELEPHONE 3" or "TT3"). The initial interceptions of TT2 and TT3's wire communications commenced on XXXXX XX, XXXX, and concluded on XXXXXXXXX, XX, XXXX.

On XXXXXXXXX, XX, XXXX, a federal grand jury in Washington, D.C. returned an indictment against XXXXXX, XXXXXXXX, XXXXXX, XXXXXXXX, XXXXXXXXX, and three others charging them, *inter alia*, with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine (PCP) and 400 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iv), and (b)(1)(A)(vi), for their involvement in a narcotics trafficking conspiracy in the XXXX XXXXX XX XXXX XXXXXXXX and elsewhere between on or about XXXX XXXX to present day.

<u>BACKGROUND ON XXXXXXXX</u>

Specific to this affidavit, law enforcement identified XXXXXXXX as a purchaser and redistributor of narcotics, including fentanyl or "down," from XXXXXXXX for redistribution. On XXXXXXXXX, XX, XXXX, in Case No. XX-XX-XXXX, the Honorable G. Michael Harvey of the District Court for the District of Columbia authorized issuance of a search warrant to search eight iCloud accounts in connection with this investigation, including XXXXXXXX's. From WhatsApp communications, seized from the iCloud evidence obtained pursuant to case number XX-XX-XXXX, investigators learned that XXXXXX supplied XXXXXXXX with suspected narcotics, believed to be fentanyl. The seized communications began on May 18, 2024, and continued through XXXXXXXXX, XX, XXXX, the date of the signed search warrant in case number XX-XX-XXXX. Within those communications, law enforcement observed multiple instances of XXXXXXXX apparently requesting narcotics from XXXXXXX.

The day after the indictment was returned, as identified *supra*, on XXXXXXXXX, XX, XXXX, the Honorable Moxila A. Upadhyaya issued a Rule 41 search warrant (Case No. XX-XX-XXXX), authorizing the search of multiple residences and vehicles in the Districts of Columbia,

Maryland, and the Central District of Columbia, including XXXXX's residence at XXX XXXXXX XX, XX XXXXXXXXXXXX, XX, XXXXX.

SEARCH OF XXXXXXXXX'S RESIDENCE

On or about XXXXXXXXXX, XX, XXXX, law enforcement officers, including your affiant, executed the search warrant at XXXXXXXXX's residence at XXX XXXXXX XX, XX XXXXXXXXXXXX, XX, XXXXX. After entry into the building, law enforcement encountered XXXXXXXXX walking down the stairs from the second story of the residence, where, as discussed *infra*, his bedroom is located. Also at the residence were two juveniles and one adult female.

Multiple firearms were found during the search. In the first-floor dining room the following firearms where found: a loaded revolver handgun was discovered on a shelf; a loaded AR-style firearm was found inside a backpack with six magazines and various types of ammunition; and a High Point 9mm carbine rifle was found in a cardboard box on the floor. Upon searching the second story of the residence, law enforcement identified what appeared to be the bedroom shared by XXXXXXXXX and the female occupant, based upon the clothing and other personal effects contained therein. In that bedroom law enforcement agents found a .22 caliber handgun revolver in the dresser; a black 9mm pistol with no serial number next to the bed; assorted ammunition; approximately seven pounds of marijuana packaged in multiple vacuum sealed bags; a baggie containing approximately 3.5 grams of suspected fentanyl; and four small zips of suspected crack cocaine packaged for distribution.  Based on your affiant's training and experience, the amount and variety of controlled substances, as well as the way in which the cocaine was packaged, is consistent with the intent to distribute.

During a custodial, post-*Miranda* interview with XXXXXXXXX, he acknowledged his possession of the .22 caliber revolver and black 9mm pistol with no serial number that were found in his bedroom.

Because there are no firearms or ammunition manufacturers in the District of Columbia, the above-mentioned firearms and ammunition would have traveled in interstate commerce prior to being recovered in the District of Columbia.

XXXXXXXXX'S CITIZENSHIP

On or about XXXXXXXXXX, XX, XXXX, incident to the search described *supra*, an Immigration and Customs Enforcement (ICE) Task Force Officer conducted a facial and fingerprint biometric query of the individual identified in the residence as XXXXXXXXX through ICE indices, containing fingerprint and facial biometric records of known and previously deported individuals. This biometric query confirmed XXXXXXXXX is not a citizen of the United States.

Specifically, your affiant performed a criminal history check for XXXXXXXXX, which revealed that on XXXXXXXXXX, XX, XXXX, XXXXXXXXX was convicted in the Superior Court of the District of Columbia for Attempted Distribution of Cocaine (Criminal No. XXXX-XXX), an aggravated felony, and was subsequently removed from the United States. Since this felony conviction, XXXXXXXXX has been thrice convicted of violations of 8 U.S.C. §§ 1326(a) & (b)(2)

3

in the District Court for the District of Columbia, in Case Nos. XX-XX-XXXX; XX-XX-XXXX; and XX-XX-XX-XX. For his most recent conviction on charges of 8 U.S.C. §§ 1326(a) & (b)(2), on XXXXXXXXX, XX, XXXX, XXXXXXXX was sentenced to 48 months of imprisonment, followed by three years of supervised release, by the Honorable Rudolph Contreras of the District Court for the District of Columbia, in Case No. XX-XX-XXXX. On XXXXXXXXX, XX, XXXX, XXXXXXXX's term of supervision was revoked by Judge Contreras after XXXXXXXX was found to have illegally re-entered the United States, and he was sentenced to a period of seven months imprisonment. Accordingly, XXXXXXXX had knowledge that was convicted of a crime punishable by imprisonment for a term exceeding one year.

Your affiant reviewed XXXXXXXX's immigration file maintained by U.S. Citizenship and Immigration Services. This confirmed that XXXXXXXX: (i) is a citizen and national of Jamaica; (ii) was most recently removed from the United States by ICE via a chartered flight on or about XXXXXXXXX, XX, XXXX, from the Alexandria, Louisiana Port of Entry; (iii) did not have any immigration benefit, document, or status that would allow him to legally enter, be admitted, pass through, or reside in the United States; and (iv) did not obtain permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his formal removal.

## CONCLUSION

Based on the foregoing, I submit that there is probable cause to believe that XXXXXXXX violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition that has been shipped or transported in interstate or foreign commerce, and 18 U.S.C. § 922(g)(5), which prohibits the possession of a firearm by an individual unlawfully present in the United States.

Based on the foregoing, I submit that there is probable cause to believe that XXXXXXXX possessed the above-described controlled substances with the intent to distribute them, in violation of 21 U.S.C. § 841, and that XXXXXXXX's possession of the above-mentioned firearms was during, in relation to, and in furtherance of this drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Finally, based on the foregoing, I submit that there is probable cause to believe that on or about August 26, 2025, XXXXXXXX was found in the United States, specifically within the District of Columbia, after having been previously removed from the United States and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).

4

Respectfully Submitted,

_____
Heang Ly
Special Agent
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 27th, 2025.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE